OPINION
Gwin, J.
On April 1, 1999, appellant entered a plea of guilty to attempted rape, pursuant to a plea bargain. The prosecution recommended a suspended sentence of one year in the county jail, with work release, and sexual offender treatment.
The court ordered a pre-sentence investigation, and at the time of sentencing, the court imposed the maximum sentence. The court made specific findings on the record that the defendant committed the worst form of the offense, and that the defendant posed the greatest likelihood of recidivism, pursuant to R. C. 2929.14 (C). The court sentenced appellant to eight years incarceration.
Appellant appealed, and we dismissed the appeal for want of prosecution. A motion for reconsideration was filed and overruled. On October 11, 2000, appellant filed an application to re-open the case, which was granted. The appeal is now before this court on re-opening.
Appellant assigns a single error:
ASSIGNMENT OF ERROR
 THE TRIAL COURT IMPROPERLY SENTENCED THE DEFENDANT TO THE MAXIMUM SENTENCE OF EIGHT (8) YEARS, WHERE THE CHANGE OF PLEA AND SENTENCING RECORD DO NOT SUPPORT THE SENTENCE.
Appellant argues that the record does not support the court's finding that appellant committed the worst form of the offense, and poses the greatest likelihood of committing future crimes. Pursuant to R.C. 2953.08
(G)(1), appellant argues that this court should vacate the sentence, and remand for re-sentencing, as the record does not clearly and convincingly support the sentence. Appellant also argues that in light of the recommendation of the prosecutor that appellant be placed in sex offender treatment, with 12 months incarceration, the sentence "shocked both the defendant and his attorney." Appellant's brief, page 4
The findings of the court, made on the record, clearly support the court's imposition of the maximum sentence. Appellant concedes that the court was not bound by the recommendation of the prosecutor. Further, the sex offender treatment program had rejected appellant, finding he was not suitable for treatment, as he has an anti-social personality disorder, continually blames the victims for his problems, and had no motivation to seek treatment.
The court supported its conclusion that appellant was at risk to re-offend with numerous findings during the sentencing hearing. The court stated that the pre-sentence investigation report was the worst he had ever read in a sex offense case. Tr. 9. The court noted that in the instant case, he threatened to kill his niece, forced her to submit to his sexual advances, and beat her, continuing a twenty-year pattern of behavior. Id. The court then recited appellant's horrendous criminal history. In 1972, appellant was convicted of assaulting his wife. Tr. 10. In 1976, he was convicted of a charge of sexual battery, reduced from rape, after he and another man raped a woman in several different ways. In 1979, he was convicted of two counts of felonious assault, again involving the rape and beating of two women. He was released from prison in 1987, and was almost immediately convicted of domestic violence against his wife. In 1988, appellant raped his 16-year-old daughter. The court noted that appellant had a continual pattern of committing an offense, and when caught, blaming the victims, claiming they deserved it. When he was evaluated for sex offender treatment, he was found to be not amenable to treatment. His psychological evaluation further concluded that he was at high risk to re-offend.
The record clearly supports the court's imposition of the maximum sentence. The assignment of error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
 JUDGEMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is affirmed. Costs to appellant.
 ______________________________ By Gwin, J.,
Edwards, P.J., and Boggins, J., concur.